UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

                                              Chapter 7

Victor Scotto                                   Case No. 809-75956-reg

------------------------------------------------------x

ORDER GRANTING THE TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER DIRECTING VICTOR SCOTTO AND ANY OTHER PERSONS OR ENTITIES IN POSSESSION OF THE REAL PROPERTY LOCATED AT 43 STERLING LANE, PORT WASHINGTON, NY TO IMMEDIATELY VACATE THE PROPERTY AND SURRENDER POSSESSION THEREOF

      UPON, the motion (the "Motion") of Allan B. Mendelsohn, Esq., the Chapter 7 Trustee of the estate of Victor Scotto (the "Debtor"), by his attorneys, Zavatsky Mendelsohn & Levy, LLP, seeking the issuance of an Order under 11 U.S.C. Sections 105, 542 and 704, a) directing Victor Scotto and his family members (collectively, the "Tenants) or any other persons or entities (the "Other Parties") in possession of the real property located at 43 Sterling Lane, Port Washington, NY (the "Property") (collectively, the Tenants and Other Parties shall be referred to as the "Parties to be Removed" ) to immediately vacate the Property and surrender possession thereof to the Trustee on or before January 15, 2010, authorizing and directing the United States Marshal to evict the Parties to be Removed from possession of the Property; and b) granting the Trustee such other, further and different relief as the Court deems just and proper; and due notice having been given to the Debtor and his attorney; upon the record of hearing held on December 14, 2009 (the "Hearing"), which is incorporated herein by reference; and Allan B. Mendelsohn, having appeared in support of the Motion and Alfred M. Dimino, Esq., having appeared from the Office of the United States Trustee; and upon consideration of all the pleadings filed; and the Court having found that the approval of the Motion is reasonable, necessary, within the proper business judgment of the Trustee and required to complete the sale of the Property under U.S.C.

Sections 105(a), 363, 542(a) and 704; and upon the affidavit of service on file with the Court, and no additional notice being necessary nor required, it is hereby

ORDERED, that the motion is granted as set forth on the record at the Hearing; and it is further

ORDERED, that all of the Parties to be Removed are directed to vacate the Property and surrender possession thereof to the Trustee by January 15, 2010; and it is further

ORDERED, that in the event that any of the Parties to be Removed fail to surrender possession of the Property of the Trustee by January 15, 2010, this Court directs the United States Marshals to immediately assist the Trustee and his representatives in evicting any of the Parties to be Removed from possession of the Property; and it is further

~~ORDERED, that the United States Marshals are authorized to take necessary steps, using whatever force necessary, to take possession of the Property, including breaking open and entering the Property and any building located at the Property and evicting all persons and entities located at the Property; and it is further~~

~~ORDERED, that anyone interfering with the execution of this Order is subject to arrest by the United States Marshals; and it is further~~

ORDERED, that ~~the Trustee, on whose behalf the Court issues this Order, will act as substitute custodian of any and all property seized pursuant to this Order and~~ the United States Marshal Service and its employees shall be held harmless from any and all claims, asserted in any Court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Property, including any third party claims; and it is further

ORDERED, that the Trustee is authorized to execute such documents, expend such funds and do such things as may be necessary to effectuate and implement the terms and conditions of the Order retaining such persons to effectuate the removal of the personal property located at the Property, and the eviction of any of the Parties to be Removed from the Property.

Dated: Central Islip, New York
      December 21, 2009

                                      ***/s/ Robert E. Grossman***
                                      Honorable Robert E. Grossman
                                      United States Bankruptcy Judge

Chapter 7
Case No. 809-75956-reg
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____

In re:

                Victor Scotto

                                       Debtor
_____

ORDER AUTHORIZING AND APPROVING THE TRUSTEE'S MOTION FOR THE ENTRY
OF AN ORDER DIRECTING VICTOR SCOTTO AND HIS FAMILY MEMBERS
(COLLECTIVELY THE "TENANTS"), OR ANY OTHER PERSONS OR
ENTITIES (THE "OTHER PARTIES") IN POSSESSION OF THE REAL PROPERTY
LOCATED AT 43 STERLING LANE, PORT WASHINGTON, NY (THE "PROPERTY")
(COLLECTIVELY, THE TENANTS AND OTHER PARTIES SHALL BE
REFERRED TO AS THE "PARTIES TO BE REMOVED") TO IMMEDIATELY
VACATE THE PROPERTY AND SURRENDER POSSESSION THEREOF
_____

_____
ALLAN B. MENDELSOHN
ZAVATSKY, MENDELSOHN & LEVY, LLP
Attorneys for Trustee
P.O. Box 510
33 Queens Street
Syosset, New York 11791-0510
(516) 921-1200
Fax (516) 921-1670